**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-6009**

─────────────

PAUL D. BAKER,

                              Petitioner - Appellant,

        versus

COMMONWEALTH OF VIRGINIA,

                              Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge. (CA-04-456-7-JCT)

─────────────

Submitted:  December 20, 2006        Decided:  January 25, 2007

─────────────

Before KING, GREGORY, and SHEDD, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Paul D. Baker, Appellant Pro Se.  John H. McLees, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul D. Baker seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2000) petition, and dismissing it on that basis.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Baker has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

[*]We previously dismissed Baker's appeal because it was untimely. Baker filed a petition for rehearing and rehearing en banc, arguing he did not receive notice of the district court order until 118 days after it was entered. The Commonwealth of Virginia stated it had no objection if this court chose to accept the notice of appeal as a motion to reopen and grant Baker's rehearing petition. We thereupon granted panel rehearing.

Additionally, we construe Baker's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Baker's claims do not satisfy either of these criteria. Therefore, although we grant Baker's motion to present newly discovered evidence, we deny his motions for the appointment of counsel and an evidentiary hearing, and deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>